UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| LORI C. GILBERT, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Civil Action No. 21-0318 (CJN) |
| UNITED STATES AIR FORCE, | ) ) ) | |
| Defendant. | ) ) ) | |

**DEFENDANT'S REPLY TO PLAINTIFF'S RESPONSE TO THE SECOND SUPPLEMENTAL DECLARATION OF TERESA S. GONZALEZ**

Defendant United States Air Force respectfully submits its reply to Plaintiff Lori C. Gilbert's Response ("Response," ECF No. 20) to the Second Supplemental Declaration of Teresa S. Gonzalez ("Supplement," ECF No. 19-1). Defendant addresses each of Gilbert's responses below, and additionally submits a further supplemental declaration ("Declaration," Exh. A hereto) in support.

With respect to the allegedly withheld email, Gilbert's issue is with a single email thread which she claims (Response at 2) was improperly withheld and was not disclosed. As is made clear in the Declaration, ¶¶ 3-7, and as previously explained by undersigned counsel, this is not the case, and appears to be a misunderstanding or possible a conflation of issues. The single email thread to which Gilbert refers exists in two locations. The first is in the Inspector General's files, was withheld based on the Inspector General Act and Exemptions 3 and 5, and is located in the Vaughn Index among other emails that were found in the Inspector General's files. *See* Declaration, ¶¶ 3-7. The second location is in the Outlook files of the particular individual, was withheld based on the Inspector General Act and Exemptions 3, 5, and 6, and is located in the Vaughn Index among other emails that were sent by the complainant to the Inspector

General. *Id.* Contrary to Gilbert's assertion (Response at 2), the response letter and Vaughn Index both account for the email as well as assert valid exemption claims.

With respect to the alleged inadequacy of the search, undersigned counsel previously explained to the Court that Defendant would be conducting additional searches based on the terms "the DO" and "the new DO." As explained in the Declaration (at ¶ 9), Defendant is doing those searches; the failure to explain this in the Supplement was an inadvertent oversight.

With respect to the Referral Memorandum, undersigned counsel's representation to Gilbert regarding the prior production was a mistake, based on a miscommunication. The Referral was not previously produced to Gilbert because it was not responsive to any of the FOIA requests. It was produced in October 2022 pursuant to a hearing before this Court and undersigned counsel's agreement to locate and produce the same. Undersigned counsel was incorrect in representing to Mr. Sobel that it had previously been produced, and apologizes for the error. The Referral therefore has no bearing on the putative sufficiency of Defendant's searches.

For the reasons previously stated in the briefing before this Court, as well as the explanations provided in open court and in the Supplement and attached Declaration, the Court should grant summary judgment to Defendant.

*   *   *

Dated: November 25, 2022
    Washington, DC                     Respectfully submitted,

                                          MATTHEW M. GRAVES
                                          D.C. Bar No. #481052
                                          United States Attorney

                                          BRIAN P. HUDAK
                                          Chief, Civil Division

                           By:    */s/ Kartik N. Venguswamy*
                                          KARTIK N. VENGUSWAMY
                                          D.C. Bar No. #983326
                                          Assistant United States Attorney
                                          601 D Street, NW
                                          Washington, D.C. 20530
                                          Tel: (202) 252-1790
                                          kartik.venguswamy@usdoj.gov

                                          *Counsel for Defendant*